UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS A. BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-2475 (TNM) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Louis A. Banks, proceeding *pro se*, filed his complaint in the Superior Court of the District of Columbia on August 24, 2018. The District of Columbia, Mayor Muriel Bowser, and DC FEMS (collectively "District Defendants") removed this action on October 26, 2018.[1] On initial review of the complaint, the Court found the pleading deficient in several respects. It not only failed to meet the minimum pleading standard set forth in Federal Rule of Civil Procedure 8(a), but also appeared to raise claims which had been or could have been raised in one or more of plaintiff's earlier civil actions.[2] On December 3, 2018, the Court issued an order (ECF No. 6) directing plaintiff to show cause in writing by December 28, 2018, why his complaint should not be dismissed for its failure to comply with Federal Rule of Civil Procedure 8(a) and because its claims are barred under the doctrine of res judicata. Plaintiff met his

---

[1] By minute order on December 3, 2018, the Court consolidated Civil Action Nos. 18-2413 and 18-2475, and instructed the parties to make filings in Civil Action No. 18-2475.
[2] *See Banks v. Bowser*, No. 18-cv-2146 (D.D.C. filed Sept. 17, 2018); *Banks v. Bowser*, No. 18-cv-1916 (D.D.C. filed Aug. 14, 2018); *Banks v. McDuffie*, No. 18-cv-452 (D.D.C. filed Feb. 23, 2018); *Banks v. United States of America*, No. 17-cv-2168 (D.D.C. filed Oct. 13, 2017); *Banks v. Inspired Teaching School*, No. 16-cv-0038 (D.D.C. filed Jan. 8, 2016).

deadline, yet the substance of his response (ECF No. 10) essentially repeats the vague and conclusory allegations set forth in the complaint without clearly identifying viable legal claims against a particular defendant or defendants which have not been or could not have been brought before.

The Court is mindful of its obligation to hold a pleading prepared by a *pro se* litigant to a less stringent standard than would be applied to a pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* litigant must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8(a) requires that a complaint contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Cheeks v. Fort Myer Construction Corp.*, 71 F. Supp. 3d 163, 168 (D.D.C. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, plaintiff must plead sufficient factual content to provide each defendant with "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form[.]" *Harris v. Angliker*, 955 F.2d 41 (4th Cir. 1992) (per curiam) (citations omitted). Although plaintiff's 12-page complaint is not particularly lengthy, *cf. Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (commenting that *pro se* plaintiff's "the initial complaint weighed in at 119 pages and 367 numbered paragraphs"), it is wholly lacking a "short and plain statement of the claim showing that the pleader is entitled to

relief," Fed. R. Civ. P. 8(a)(2). Instead, it offers vague and conclusory assertions of violations of constitutional rights and federal and District of Columbia law, certain of which surely have been or could have been resolved in one or more of plaintiff's prior civil actions.

Plaintiff's complaint remains "an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions . . . and personal comments." *Brown*, 75 F.R.D. at 499. The confused and disorganized nature of plaintiff's complaint "places an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)); *see Hamrick v. Bremer*, No. 05-cv-01993, 2005 WL 6799409, at *1 (D.D.C. Oct. 20, 2005) (declining to force defendants "to spend time and energy in attempting to decipher [plaintiff's] utterly confusing . . . pleading").

The Court concludes that the complaint fails to comply with Rule 8(a) and dismisses the complaint and this civil action without prejudice. *See Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (affirming dismissal of *pro se* plaintiff's third amended complaint which "asserted violations of several federal statutes and eleven constitutional amendments, without explaining what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him"); *McCann v. Clark*, 191 F.2d 476, 477 (D.C. Cir. 1951) (per curiam) (affirming dismissal of *pro se* complaint which "contain[ed] scurrilous matter and is prolix and redundant," as it did "not contain a short and plain statement of the claim, and its averments are neither simple, concise nor direct"). In addition, the Court will discharge its order to show cause and deny the District Defendants' motion to dismiss as moot.

An Order will issue separately.

DATE: January 29, 2019

TREVOR N. McFADDEN
United States District Judge